RICHLEY, DIR. OF HIGHWAYS, APPELLEE, *v.* VAN HORNEFF II ET AL., APPELLANTS.

(No. C-73168—Decided November 26, 1973.)

*Mr. Richard H. Glazer,* for appellee.

*Messrs. Goodman & Goodman* and *Mr. Robert S. Holzman,* for appellant.

LYNCH, P. J. Defendant William S. Van Horneff II is appealing the verdict and judgment of $15,000 awarded for the taking of his building and $1,000 for his land, for a total of $16,000 for the appropriation for state highway purposes of his apartment building property located at 635 East Fifth Street, Cincinnati, Ohio, on a lot twenty-nine feet wide by sixty-seven feet deep with three three-room apartments.

The evidence reveals that the building was built in 1870. When defendant purchased this property in May, 1970, it was completely gutted with the exception of the side walls. Defendant completed the rehabilitation of this property by December 1970.

Defendant's first assignment of error is that the trial court erred in permitting the state's appraisers to describe the real property in question as it existed three years before the date of take.

Defendant's second assignment of error is that the trial court erred in permitting the state's attorney latitude in asking the property owner which repairs he had made before the date of take, to rehabilitate the property.

Both of these assignments of error concern the same legal principles, and will be discussed together.

The record establishes that counsel for both sides stipulated that the date of valuation is the year 1970, and that the day of take was March 9, 1972.

In Ohio, the rule of law generally adopted in appropriation proceedings, where the appropriator has not taken possession of the property prior thereto, is that the property is to be valued as of the time of trial. *City of Cleveland* v. *Carcione*, 118 Ohio App. 525 at page 532; 19 Ohio Jurisprudence 2d 535, Eminent Domain, Section 118.

Where the application of the above rule of law may result in an award of compensation to the owner of property appropriated which is unreasonable and unjust under unusual facts and circumstances, the time of which the evaluation of the property should be made must comport with the peculiar facts and circumstances of the case so as to assure the owner of the property compensation in

money which is just, as required by the Constitution of Ohio. *Bekos* v. *Masheter,* 15 Ohio St. 2d 15; *City of Cleveland* v. *Carcione,* 118 Ohio App. 525; *In re Appropriation of Property,* 28 Ohio Misc. 165; 19 Ohio Jurisprudence 2d 106 (Supp.), Eminent Domain, Section 118.

Ordinarily, when a date of valuation is set earlier than the day of take, it is for the benefit of the property owner because his property has deteriorated because of other appropriations in the vicinity of his property to the point that he frequently objects to a view of the premises by the jury.

In the instant case, the jury viewed the premises at the request of both plaintiff and defendant. Under the circumstances of this case, it appears to have been more advantageous to the state than to the property owner to have set the date of valuation as the year of 1970; however, the property owner agreed to this date of valuation, and it is too late to complain about it now. Apparently, defendant does not understand the effect on his agreeing to the date of valuation as the year 1970. He is correct that improvements made subsequent to 1970 should not have been admitted into evidence in view of the stipulated date of valuation, but we hold that whatever error there was in admitting such evidence, such was in his favor rather than to his prejudice.

The testimony of the state's appraisers was directed to the value of the subject property in the year 1970, pursuant to the stipulated date of valuation.

We hold that defendant's first and second assignments of error are without merit.

We overrule defendant's third assignment of error because the trial court promptly corrected the state's attorney's assertion that this case was filed in 1970 when it was actually filed on October 30, 1972.

We overrule defendant's fourth assignment of error concerning the trial court's permitting the state's attorney, while cross-examining the property owner, to ask him to identify pictures from the redbook that were not taken in accordance with R. C. 163.06 (B) (1).

Defendant's attorney did object to the state's action in

asking defendant to identify certain pictures, but the record does not reveal anything about these pictures. Apparently, the pictures were never introduced into evidence as exhibits. At least, the members of this court have not seen them. There is nothing in the record to indicate that these pictures were contained in the redbook, and even if they were so contained, there is nothing to indicate why such pictures were not taken in accordance with R. C. 163.06 (B) (1). Moreover, R. C. 163.06 (B) (1) provides that such pictures can be used as evidence in the trial of the case.

We overrule defendant's fifth assignment of error concerning the trial court's sustaining the objection of the state's attorney to a question on the re-direct examination of Colman Hanish, an appraiser for the property owner, as to why Mr. Hanish did not consider the previous sale of the subject property as a comparable sale. Since the trial court properly excluded the previous sale of the property as a comparable sale in this case, we hold that the reason for such exclusion by Mr. Hanish is irrelevant and immaterial. Moreover, the fact that the previous sale of the property to defendant was a distressed sale was subsequently introduced into evidence by Mr. Hanish.

We overrule defendant's sixth assignment of error concerning the state's attorney's motion for a mistrial when he received an unfavorable answer to questions on comparable sales on Kilgour and Eggleston Streets, while cross-examining Lincoln Mitchell, an appraiser for the property owner. The trial court denied this motion and instructed the jury that the attorney's remarks would be stricken from the record. We hold that this incident did not prejudice the substantial rights of defendant.

Defendant's seventh assignment of error is that the trial court erred in permitting the state, through his appraiser, Pike Levine, to use what he called a modified market approach, which, in fact, is a purely phantom or conjectual approach, and clearly prejudiced because it was based on a fictitious shell, and was done by indirection since the court had already ruled directly on its inadmissibility.

Mr. Levine appraised the total value of the subject

property at $14,000, and the total jury verdict was $16,000. We conclude that the jury was more impressed with Mr. Levine's appraisal than with either of defendant's appraisers. Thus, if Mr. Levine's appraisal was based on an improper appraisal method which was erroneous, the error would be clearly prejudicial. We feel that this assignment of error is the only one of substance among all of defendant's assignments of error.

Mr. Levine has been in the real estate business for twenty-five years, and has been doing real estate appraisals for twelve years. We find from his qualifications listed in the record that he is an experienced real estate appraiser.

Mr. Levine described the general neighborhood of the subject property in 1970 as low rent tenement property built, probably, a hundred years ago. Ninety-five percent of the building had space heaters rather than central heating. A lot of them were vacant and were vandalized. He considered them sub-standard housing. A lot of unfortuniate people had to live in the neighborhood.

The subject property had a stone foundation with an unfinished dirt floor basement. On the outside, it was made of common brick construction with wood floors and doors and a metal roof. The three floors had been rehabilitated. In his opinion, the highest and best use of the subject property was its present use as a three family apartment.

Mr. Levine stated that because of the age of this building, he preferred the market approach to either the income or cost approach, because there were enough comparable sales to adequately appraise this property. Using the market approach, he appraised the total value of the subject property at $14,000. He did not use the income approach because, in his opinion, it was not appropriate for an appraisal of this particular property.

To support his market approach, Mr. Levine used a cost of rehabilitation approach which he has done between 150 to 200 times, both on behalf of himself and for clients. This approach consisted of determining the 1970 cost of a shell of vacant and vandalized property in this neighbor-

hood, which he set at $4,000, and then adding the rehabilitation cost of the building, which he estimated at $11,630.

Defendant questions the cost of rehabilitation approach used by Mr. Levine. The trial court had previously excluded testimony of the previous sale of this property to defendant because it was a distressed sale, and Mr. Levine's testimony on the cost of rehabilitation approach had the effect of getting this information to the jury.

Mr. Levine called the cost of rehabilitation approach a modified market approach. In our opinion, this approach is not included within the appraisal textbook market approach, but it comes within the cost or reproduction cost new less depreciation cost.

Defendant contends that to use the cost approach Mr. Levine should have estimated the cost of reproducing this entire structure new and then depreciated it to its present value. This is easier said than done with buildings over 100 years old. There is a factor of obsolescence that must be taken into consideration in using the cost approach for such buildings. If standard tables of depreciation were used, such buildings would be fully depreciated; however, if properly maintained, the buildings still might have some economic value. The appraiser then has to use his judgment as to the economic life of such property and set a depreciation rate that would reflect the present economic value of the building.

Mr. Levine, in effect, decided, in the exercise of his judgment as an experienced appraiser, that the only part of this building that had any economic value was the shell; that nobody would attempt to reproduce such a shell because present day construction methods and standards are completely different than they were one hundred years ago; that using the reproduction cost new less depreciation technique on the shell of such a house would necessitate an arbitrary judgment on his part to arrive at any decision; that a more practical way to arrive at the cost of such shells is the market cost because there are sufficient sales to determine such a cost; and that, in his judgment, the market cost of such shell would be identical to the result

of using the reproduction cost less depreciation approach. Since Mr. Levine has used this method 150 to 200 times, it is not a completely new approach.

We are impressed with the soundness of the cost of rehabilitation approach to buildings of comparable age to the subject property. Therefore, we conclude that the trial court did not commit error in permitting Mr. Levine to testify on the cost of rehabilitation approach. However, even if this was error, we would hold that it was not prejudicial because Mr. Levine testified that he mainly relied on the market approach, and the cost of rehabilitation approach was considered by him only to support the market approach.

We hold that defendant's seventh assignment of error is without merit.

*Judgment affirmed.*

DONOFRIO and O'NEILL, JJ., concur.

LYNCH, P. J., DONOFRIO and O'NEILL, JJ., of the Seventh Appellate District, sitting by designation in the First Appellate District.